UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE GRACE MARIE MILES, aka JANE DOE, aka MARIE MILES, aka GRACE M. MILES,<br><br>Debtor. | Case No: C 10-4725 SBA<br><br>**ORDER** |

On October 20, 2010, Appellant Grace Marie Miles ("Appellant") filed a pro se notice of appeal from an Order Denying (1) Debtor's Request for Entry of Discharge, and (2) Debtor's Motion to Waive Pacer User Fees, which was filed on September 28, 2010. (Docket 1, 1-5.) On February 8, 2011, the Court put Appellant on notice that entry of the record on appeal with the Court was a prerequisite to filing her opening brief in the instant appeal. (Docket 14.) Plaintiff failed to comply with this prerequisite. On August 4, 2011, the Court issued an Order to Show Cause why her appeal should not be dismissed for failure to prosecute in light of the fact that she had not filed or served a designation of the items to be included in the record on appeal and a statement of the issues to be presented within fourteen (14) days after filing her notice of appeal as required by Federal Rule of Bankruptcy Procedure 8006. (Docket 16.) The Court provided Appellant with twenty-one (21) days to correct the defect and respond to the Court's Order to Show Cause. (Id. )

On August 25, 2011, by way of a letter that she filed with the Court, Plaintiff requested an additional sixty (60) days to respond to the Court's Order to Show Cause. (Ltr. from Appellant, filed 8/25/11.) Plaintiff indicates that she has an unspecified disability and has been unsuccessful in obtaining assistance in complying with the Court's order. (Id.) She asserts that

she is "still surviving constant sophisticated stalking, surveillance, retaliation, harassment, major character assassination, etc." (Id.)

Plaintiff has not established good cause for an extension and has prosecuted this appeal in a dilatory fashion. Federal Rule of Bankruptcy Procedure 8001 states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." The Ninth Circuit has "analogized the dismissal of a bankruptcy appeal for failure to prosecute under Fed. R. Civ. P. 41(b)." In re Donovan, 871 F.2d 807, 808 (9th Cir. 1989) ("We have previously analogized the dismissal of a bankruptcy appeal for failure to prosecute under Fed.R.Civ.P. 41(b).") (citing In re Hill, 775 F.2d 1385, 1386-87 (9th Cir. 1985)); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (applying Rule 41(b) in analyzing whether a bankruptcy appeal should be dismissed for failure to prosecute); In re Van Upp, C 10-01431 SI, C 10-01699 SI, C 10-02616 SI, 2011 WL 11134459, *2 (N.D. Cal. March 25, 2011) (citing In re Donovan, 871 F.2d at 808). Thus, the rules and principles applicable to dismissals under Rule 41(b) for failure to prosecute are relevant to the analysis of Appellant's lack of diligence in prosecuting the instant appeal.

Even though Plaintiff is representing herself she nevertheless is obligated to follow the same rules as represented parties. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties). Self-representation is not an excuse for non-compliance with court rules. See Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted). It is Plaintiff's responsibility to prosecute the appeal in a manner consistent with the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Court's Local Rules and Standing Orders, as well as any other orders. Failure to comply with any of these requirements will result in the imposition of sanctions, up to and including the dismissal of the appeal. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").

While the Court does not countenance Plaintiff's dilatory prosecution of this appeal and DENIES Plaintiff's request for a sixty-day extension, the Court sua sponte grants Plaintiff a fourteen-day extension in consideration of less drastic alternatives to dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Within fourteen (14) days from the date of this Order, Appellant will comply with Federal Rule of Bankruptcy Procedure 8006 and respond to this Court's Order to Show Cause filed on August 4, 2011. Accordingly,

IT IS HEREBY ORDERED THAT, within fourteen (14) days of the date of this Order, Appellant shall file and serve on Appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented pursuant to Federal Rule of Bankruptcy Procedure 8006. Moreover, Appellant shall show cause in writing why the instant appeal should not be dismissed for failure to prosecute. Within fourteen (14) days of the date of this Order, Appellant shall file a memorandum explaining why the appeal should not be dismissed. The memorandum, which shall be entitled, "Response to Order to Show Cause," shall set forth the nature of the cause, its present status, the reason it has not been brought to trial or otherwise terminated, any basis for opposing dismissal and its expected course if not dismissed. FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE. This Order terminates Appellant's request in her letter filed on August 25, 2011.

IT IS SO ORDERED.

Dated: August 30, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

IN RE GRACE MARIE MILES,

        Plaintiff,

  v.

IN RE GRACE MARIE MILES et al,

        Defendant.
_____/

Case Number: CV10-04725 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

U.S. Trustee
Office of the U.S. Trustee / SF
Office of the U.S. Trustee
235 Pine Street
Suite 700
San Francisco, CA 94104

United States Bankruptcy Court Northern District of California
USBC-San Francisco
for the Northern Dist. of CA
235 Pine St
P.O. Box 7341
San Francisco, CA 94104

E. Lynn Schoenmann
800 Powell Street
San Francisco, CA 94104

Grace Marie Miles
P.O. Box 1246
Menlo Park, CA 94026

Judge Thomas E. Carlson

- 4 -

1  US Bankruptcy Court
   235 Pine Street
2  PO Box 7341
   San Francisco, CA 94120
3
   Dated: August 30, 2011
4                                           Richard W. Wieking, Clerk

5                                               By: LISA R CLARK, Deputy Clerk

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28