UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE GRACE MARIE MILES, aka JANE DOE, aka MARIE MILES, aka GRACE M. MILES,<br><br>  Debtor. | Case No: C 10-4725 SBA<br><br>**ORDER** |

On October 20, 2010, Appellant Grace Marie Miles ("Appellant") filed a pro se notice of appeal from an Order Denying (1) Debtor's Request for Entry of Discharge, and (2) Debtor's Motion to Waive Pacer User Fees, which was filed on September 28, 2010. (Docket 1, 1-5.) On February 8, 2011, the Court put Appellant on notice that entry of the record on appeal with the Court was a prerequisite to filing her opening brief in the instant appeal. (Docket 14.) Appellant failed to comply with this prerequisite. On August 4, 2011, the Court issued an Order to Show Cause ("Order of 8/4/11") why her appeal should not be dismissed for failure to prosecute in light of the fact that she had not filed a designation of the items to be included in the record on appeal and a statement of the issues to be presented <u>with the clerk of the bankruptcy court</u> and served such items on Appellee within fourteen (14) days after filing her notice of appeal as required by Federal Rule of Bankruptcy Procedure 8006. (Docket 16.) The Court provided Appellant with twenty-one (21) days to correct the defect and respond to the Court's Order to Show Cause. (<u>Id.</u>)

On August 25, 2011, by way of a letter that she filed with the Court, Appellant requested an additional sixty (60) days to respond to the Court's Order to Show Cause. Dkt. 17. Appellant indicated that she has an unspecified disability and has been unsuccessful in obtaining assistance in complying with the Court's order. (<u>Id.</u>) She asserts that she is "still surviving constant sophisticated stalking, surveillance, retaliation, harassment, major character assassination, etc." (<u>Id.</u>)

On August 30, 2011, the Court issued a second Order to Show Cause ("Order of 8/30/11"). Dkt. 18. The Court found that Appellant had not established good cause for an extension and had prosecuted this appeal in a dilatory fashion. Id. Noting that the Court did not countenance Appellant's dilatory prosecution of this appeal, the Court denied Appellant's request for a sixty-day extension. Id. However, the Court sua sponte granted Appellant a fourteen-day extension in consideration of less drastic alternatives to dismissal for failure to prosecute. The Court ordered Appellant to comply with Federal Rule of Bankruptcy Procedure 8006 within fourteen (14) days of the Order of 8/30/11 by filing and serving her designation of the items to be included in the record on appeal and a statement of the issues presented.

On September 13, 2011, Appellant responded to the Order of 8/30/11. She submitted to this Court several documents purporting to be her designation of the items to be included in the record on appeal. However, Appellant is to file the designation of the items to be included in the record on appeal with the <u>clerk of the bankruptcy court</u>, not this Court. The record reflects that Appellant has been informed of her obligation to file the designation with the bankruptcy court. In the Order of 8/4/11, this Court informed Appellant to file the designation with the clerk of the bankruptcy court. Dkt. 16. Moreover, the record in the bankruptcy proceeding reveals that, on November 10, 2010, Appellant attempted to file her designation there, but it was defective because she did not identify the specific items in the docket that she wished to include in the record. <u>In re Grace Marie Miles</u>, Case No. 09-30419 TEC, Dkt. 113 (Bankr. N.D.Cal. Nov. 10, 2010) (hereinafter "Bankr. Case No. 09-30419"). Furthermore, the clerk of the bankruptcy court sent Appellant a letter notifying her of the deficiencies. Bankr. Case No. 09-30419, Dkt. 115. Consequently, Appellant's failure to file the designation with the bankruptcy court reflects a further lack of diligence, as opposed to a lack of procedural information.

However, the Court recognizes that Appellant has made some attempt to comply with its Orders of 8/4/11 and 8/30/11. In consideration of less drastic alternatives to dismissal, the Court will provide Appellant with a final opportunity to file her designation of items to be

included in the record on appeal and her statement of issues presented <u>with the clerk of the bankruptcy court</u> and serve those documents on Appellee in compliance with Federal Rule of Bankruptcy Procedure 8006.  See <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (considering less drastic alternatives to dismissal).   Appellant shall file and serve the items by no later than fourteen (14) days from the date of this Order.  On November 18, 2010, the bankruptcy court informed Appellant that it could not transmit any designated items without charge to her because her application for in forma pauperis was pending.  Bankr. Case No. 09-30419, Dkt. 115.  On January 1, 2011, the Court granted Appellant's in forma pauperis application. Dkt. 11.  The order granting her application has been filed with the bankruptcy court.  Bankr. Case No. 09-30419, Dkt. 116.  Thus, the specific items that Appellant's designates may be transmitted without charge to her.

The Court warns Appellant that her failure to comply with this order will result in dismissal of this appeal without further notice.  Appellant is also warned that failure to timely comply with any obligation she has to prosecute this appeal may result in sanctions, up to and including dismissal of her appeal.  See <u>In re Donovan</u>, 871 F.2d 807, 808 (9th Cir. 1989) (analogizing the dismissal of a bankuptcy appeal for failure to prosecute under Fed.R.Civ.P. 41(b).") (citing <u>In re Hill</u>, 775 F.2d 1385, 1386-87 (9th Cir. 1985)); <u>see also</u> <u>In re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994) (applying Rule 41(b) in analyzing whether a bankruptcy appeal should be dismissed for failure to prosecute); <u>In re Van Upp</u>, C 10-01431 SI, C 10-01699 SI, C 10-02616 SI, 2011 WL 11134459, *2 (N.D. Cal. March 25, 2011) (citing <u>In re Donovan</u>, 871 F.2d at 808).  Even though Appellant is representing herself, she nevertheless is obligated to follow the same rules as represented parties.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties).  Self-representation is not an excuse for non-compliance with court rules.  See <u>Swimmer v. I.R.S.</u>, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted).  It is Appellant's responsibility to prosecute the appeal in a manner consistent with the Federal Rules of Civil Procedure, Federal Rules

of Bankruptcy Procedure, the Court's Local Rules and Standing Orders, as well as any other orders issued by this Court, such as the Orders of 8/4/11 and 8/30/11.  The Court emphasizes that failure to comply with any of these requirements will result in the imposition of sanctions, up to and including the dismissal of the appeal.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").

IT IS HEREBY ORDERED THAT, within fourteen (14) days of the date of this Order, Appellant shall file with the clerk of the bankruptcy court and serve on Appellee a designation of the specific items to be included in the record on appeal and a statement of the issues to be presented, pursuant to Federal Rule of Bankruptcy Procedure 8006.  On the date that Appellant files her designation with the clerk of the bankruptcy court, Appellant shall file a memorandum stating whether she has complied with this order, attaching a copy of the documents that she has filed with the bankruptcy court.  FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE.  This Order terminates Appellant's request in Docket 17.

IT IS SO ORDERED.

Dated: September 19, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

IN RE GRACE MARIE MILES,

       Plaintiff,

  v.

IN RE GRACE MARIE MILES et al,

       Defendant.
_____/

Case Number: CV10-04725 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

U.S. Trustee
Office of the U.S. Trustee / SF
Office of the U.S. Trustee
235 Pine Street
Suite 700
San Francisco, CA 94104

United States Bankruptcy Court Northern District of California
USBC-San Francisco
for the Northern Dist. of CA
235 Pine St
P.O. Box 7341
San Francisco, CA 94104

Grace Marie Miles
P.O. Box 1246
Menlo Park, CA 94026

Judge Thomas E. Carlson
US Bankruptcy Court
235 Pine Street
PO Box 7341
San Francisco, CA 94120

| | |
|---|---|
| 1 | |
| 2 | Dated: September 20, 2011 |
| | Richard W. Wieking, Clerk |
| 3 | By: LISA R CLARK, Deputy Clerk |

Dated: September 20, 2011

                        Richard W. Wieking, Clerk

                                By: LISA R CLARK, Deputy Clerk