UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE GRACE MARIE MILES, aka JANE DOE, aka MARIE MILES, aka GRACE M. MILES,<br><br>Debtor. | Case No: C 10-4725 SBA<br><br>**ORDER DISMISSING APPEAL** |

Before the Court is a bankruptcy appeal filed by debtor Gracie Marie Miles ("Appellant"). For the reasons stated below, the Court DISMISSES the appeal without prejudice for failure to prosecute.

I. **BACKGROUND**

On October 20, 2010, Appellant filed a pro se notice of appeal from an Order Denying (1) Debtor's Request for Entry of Discharge, and (2) Debtor's Motion to Waive Pacer User Fees, which was filed on September 28, 2010. Dkt. 1, 1-5. On February 8, 2011, the Court put Appellant on notice that entry of the record on appeal with the Court was a prerequisite to filing her opening brief in the instant appeal. Dkt 14. Appellant failed to comply with this prerequisite.

On August 4, 2011, the Court issued an Order to Show Cause why her appeal should not be dismissed for failure to prosecute in light of the fact that although more than nine months had lapsed since Appellant initiated her appeal, Appellant had not filed her opening brief nor was there any indication that she had perfected the record for appeal. Dkt. 16. The Court ordered Appellant to show cause in writing why the instant appeal should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Id. Appellant was directed to file a memorandum explaining why the appeal should not be dismissed, setting

forth the nature of the cause, its present status, the reason it has not been brought to trial or otherwise terminated, any basis for opposing dismissal and its expected course if not dismissed. Id.  The Order expressly warned Appellant that: "FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE.  Id.

On August 25, 2011, by way of a letter that she filed with the Court, Appellant requested an additional sixty (60) days to respond to the Court's Order to Show Cause. Dkt. 17.  Appellant indicated that she has an unspecified disability and has been unsuccessful in obtaining assistance in complying with the Court's order.  Id.  She asserts that she is "still surviving constant sophisticated stalking, surveillance, retaliation, harassment, major character assassination, etc."  Id.

On August 30, 2011, the Court issued a Second Order to Show Cause, which found that Appellant had not established good cause for an extension and had prosecuted this appeal in a dilatory fashion.  Dkt. 18.  Noting that the Court did not countenance Appellant's dilatory prosecution of this appeal, the Court denied Appellant's request for a sixty-day extension.  Id.  However, the Court sua sponte granted Appellant a fourteen-day extension in consideration of less drastic alternatives to dismissal for failure to prosecute. The Court ordered Appellant to comply with Federal Rule of Bankruptcy Procedure 8006 within fourteen (14) days of the Order by filing and serving her designation of the items to be included in the record on appeal and a statement of the issues presented.  Id.  The Court also ordered Appellant to show cause in writing why the instant appeal should not be dismissed for failure to prosecute.  Id.  Appellant was directed to file a memorandum explaining why the appeal should not be dismissed, setting forth the nature of the cause, its present status, the reason it has not been brought to trial or otherwise terminated, any basis for opposing dismissal and its expected course if not dismissed.  Id.   The Order expressly warned Appellant that:

"FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE. Id.[1]

On September 20, 2011, this Court issued another Order, which stated that Appellant had responded to the Second Order to Show Cause by submitting to this Court several documents purporting to be her designation of the items to be included in the record on appeal. Dkt. 19. However, the Court noted that Appellant had failed to file the designation of the items to be included in the record on appeal with the clerk of the bankruptcy court, despite the fact that the Court had specifically informed Appellant to file the designation with the clerk of the bankruptcy court. Id. [2]

As a consequence, the Court found that Appellant's failure to file the designation with the bankruptcy court reflected a further lack of diligence, as opposed to a lack of procedural information. Dkt. 19. However, the Court recognized that Appellant had made some attempt to comply with its Orders, and therefore, in consideration of less drastic alternatives to dismissal, the Court provided Appellant with a final opportunity to file her designation of items to be included in the record on appeal and her statement of issues presented with the clerk of the bankruptcy court and serve those documents on Appellee in compliance with Federal Rule of Bankruptcy Procedure 8006. Id. The Court directed Appellant to file and serve the items by no later than fourteen (14) days from the date of that Order. Id. The Order expressly warned Appellant that: "FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE.

---

[1] The Order also advised Appellant that even though she is representing herself she nevertheless is obligated to follow the same rules as represented parties, that self-representation is not an excuse for non-compliance with court rules, and that it is her responsibility to prosecute the appeal in a manner consistent with the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, the Court's Local Rules and Standing Orders, as well as any other orders. Dkt. 18.

[2] The Court further noted that the record in the bankruptcy proceeding reveals that, on November 10, 2010, Appellant attempted to file her designation there, but it was defective because she did not identify the specific items in the docket that she wished to include in the record. In re Grace Marie Miles, Case No. 09-30419 TEC, Dkt. 113 (Bankr. N.D.Cal. Nov. 10, 2010) (hereinafter "Bankr. Case No. 09-30419"). Furthermore, the clerk of the bankruptcy court sent Appellant a letter notifying her of the deficiencies. Bankr. Case No. 09-30419, Dkt. 115.

Id. Appellant was also warned that failure to timely comply with any obligation she has to prosecute her appeal may result in sanctions, up to and including dismissal of her appeal. Id.

On October 6, 2011, Appellant filed a "Designation of Record on Appeal and Statement of Issues," which consists of a copy of the underlying Bankruptcy Docket with check marks next to the items Appellant requests to be included in the record on appeal. Dkt. 22. On October 7, 2011, Appellant filed a motion for a 10-day extension of time to file documents on the ground that she was unaware that she needed to file actual copies of the documents for the record on appeal, not simply provide a list of specific items she wants to be included in the record on appeal. Dkt. 23. Although unclear, it appears that Appellant thought that this Court would copy the documents she identified and send them to the Bankruptcy Court. Id.

On October 17, 2011, Appellant filed a "Corrected Designation of Record on Appeal and Statement of Issues," which consists of a list of items that she wants to be included in the record on appeal, but, again, does not include actual copies of those items. Dkt. 24. On November 21, 2011, Appellant filed an "Amended Designation of Record on Appeal and Statement of Issues," which includes copies of the items to be included in the record on appeal. Dkt. 25.

To date, nearly five months have elapsed since Appellant filed her "Amended Designation of Record on Appeal and Statement of Issues." Appellant, however, has not filed an opening brief or a response to this Court's Orders directing her to show cause in writing why the instant appeal should not be dismissed for failure to prosecute.

## II. DISCUSSION

Federal Rule of Bankruptcy Procedure 8001 states that: "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." The Ninth Circuit has "analogized the dismissal of a bankruptcy appeal for failure to prosecute to a dismissal under Fed.R.Civ.P. 41(b)." In re Donovan, 871 F.2d 807, 808 (9th Cir. 1989). The same standard applies to dismissal by the Bankruptcy Appellate Panel or by a district court. Id.

- 4 -

Thus, a court should consider the following five factors when deciding whether to dismiss for failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See Moneymaker v. CoBen ( In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  However, "it is not required that the district court make explicit findings in order to show that it has considered these factors." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

Having considered the above-referenced factors, the Court concludes that dismissal is appropriate.  With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  This is particularly true in the instant case, where Appellant has impeded the Court's ability to move this case forward by failing to file an opening brief for a significant period of time.  The Court has repeatedly warned Appellant that a failure to prosecute this action will result in dismissal of her appeal.  While Appellant filed her Notice of Appeal approximately a year-and-a-half ago, she has yet to file an opening brief or comply with Court Orders directing her to show cause why the instant appeal should not be dismissed for failure to prosecute.

The second factor also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir.1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendant, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at, 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting."  Id.  Here, Appellant has offered no explanation for her failure to prosecute other

than her declaration in August 2011 indicating that she has an unspecified disability, suffers from post traumatic stress disorder, and has "severe injuries, physical and emotional." Indeed, Appellant has had almost five months to file an opening brief since she filed her "Amended Designation of Record on Appeal and Statement of Issues."[3] These facts also weigh strongly in favor of dismissal. See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. As noted, the Court repeatedly warned Appellant that her failure to prosecute would be grounds for dismissal under Rule 41(b). Nonetheless, Appellant has failed to file an opening brief and failed to show cause why this action should not be dismissed for failure to prosecute. In addition, while the Federal Rule of Bankruptcy Procedure 8006 requires an appellant to file with the bankruptcy court clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented within fourteen days after filing the notice of appeal, the Court allowed Appellant over a year to satisfy this requirement. In allowing additional time, the Court issued orders expressly advising Appellant of her obligation to prosecute this appeal in a timely manner and warned her that a failure to do may result in dismissal. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

## III.   CONCLSUSION

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing the instant appeal. Pagtalunan, 291 F.3d at 643 (affirming dismissal where three

---

[3] Pursuant to Fed.R.Bankr.P. 8010 and B.L.R. 8010-1, the appellant must serve a brief not exceeding 25 pages in length 28 days after the record on appeal has been entered on the District Court docket.

1 | factors favored dismissal, while two factors weighed against dismissal).  Accordingly, IT IS
2 | HEREBY ORDERED THAT:

    1.    Appellant's bankruptcy appeal is DISMISSED without prejudice.

    2.    The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: March 30, 2012

                              _____
                              SAUNDRA BROWN ARMSTRONG
                              United States District Judge